IN THE COURT OF APPEALS OF TENNESSEE

EASTERN SECTION

FILED

July 2, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

DELISA RIBBINS LEAK and     )     HAMILTON COUNTY
MARESHIA LEAK, b/n/f          )     03A01-9611-CV-00359
DELISA RIBBINS LEAK          )
                             )
     Plaintiffs-Appellants   )
                             )     HON. SAMUEL H. PAYNE,
                             )     JUDGE
     v.                      )
                             )
                             )
LAURIE GOODWILL and AT&T     )
SERVICE, INC.                )
                             )
     Defendants-Appellees    )     VACATED AND REMANDED



DANIEL COLLINS and SAMUEL R. ANDERSON OF CHATTANOOGA FOR
APPELLANTS

JOSEPH R. WHITE OF CHATTANOOGA FOR APPELLEES



O P I N I O N



                              Goddard, P.J.



          Delisa Ribbins Leak and Mareshia Leak, by next friend,
Delisa Ribbins Leak, appeal an order of the Circuit Court
dismissing their case against Laurie Goodwill. The case had
purportedly been appealed from the General Sessions Court
pursuant to an order of two Judges of that Court granting a writ
of certiorari. The appeal only related to one Defendant, Laurie

Goodwill, and not the other Defendant, AT&T Service, Inc. Upon motion of Ms. Goodwill, the Circuit Judge dismissed the case against her, apparently on the grounds raised in the motion, that their appeal was not timely, and thereupon remanded the case to the General Sessions Court for "further hearing as to AT&T Service, Inc."

The Leaks appeal, raising the following two issues:

I.   Whether the Circuit Court erred in dismissing Plaintiffs' Writ of Certiorari.

II.  Whether the Circuit Court erred in upholding the General Sessions Courts dismissal of Plaintiffs with prejudice.

In the appeal before this Court, Ms. Goodwill, for the first time, advances the theory that the Leaks' claim was improperly dismissed with prejudice because the statute of limitations had run and the civil warrant filed by them did not toll the statute, they having failed to apply and obtain new process as required by T.C.A. 16-15-710. (See Appendix A.)

At the outset we note that this case presents a procedural nightmare. It began in the General Sessions Court, wherein the Leaks sued Ms. Goodwill and AT&T for personal injuries sustained in a vehicular accident occurring on April 10, 1993.

2

Service as to AT&T was effected through the Secretary of State, but it does not appear that Ms. Goodwill was ever served with process. (See Appendix B.) In response to Ms. Goodwill's motion to dismiss because of lack of service, the General Sessions Judge entered an order dated March 5, 1996, which dismissed the Leaks' case as to Ms. Goodwill with prejudice. Thereafter, upon the Leaks' motion to set aside the order of dismissal being denied, they filed a writ of certiorari, contending that they did not have timely notice of the motion to dismiss and the General Sessions Judge was in error in ordering the dismissal to be with prejudice.

Whereupon, two Judges of the General Sessions Court entered an order pursuant to T.C.A. 27-8-105 (see Appendix A), which, although not expressly granting the writ, implicitly does, and ordered the Clerk of the General Sessions Court to "certify and forward to the Circuit Court of Hamilton County, Tennessee, the complete record of the proceedings of this cause."

Ms. Goodwill then filed a motion in the Circuit Court to dismiss the case on the ground that the purported appeal was not timely, being beyond the 10-day period for appeals generally, as set out in T.C.A. 27-5-108, (see Appendix A), and the 30-day period for writs of certiorari, as set out in T.C.A. 27-8-105. (See appendix A.) Whereupon the Circuit Court Judge entered an order finding the motion to dismiss was well taken and ordering the following:

3

**ORDERED, ADJUDGED AND DECREED** that the motion to dismiss of Laurie Goodwill is hereby sustained and the case remanded to the Sessions Court of Hamilton County for further hearing as to AT&T Service, Inc.

We first observe that counsel and the General Sessions Court were incorrect in finding the warrant was returned unserved as to Ms. Goodwill, because the affidavit of the Clerk of the General Sessions Court shows that the warrant as to Ms. Goodwill was never delivered to the Sheriff of Hamilton County and, consequently, never returned by the Sheriff's office. This brings into question whether the statute relied upon by Ms. Goodwill and the General Sessions Court, T.C.A. 16-15-710, plays any part in resolving the questions raised.

However that may be, we note that insofar as we are able to determine there is no rule applicable to the General Sessions Court similar to Rule 3 of the Tennessee Rules of Civil Procedure, which, with certain exceptions, only allows appeals of final judgments.

Notwithstanding there is no such Rule as to the General Sessions Court, we believe that such a Rule is salutary and conclude the purported appeal from General Sessions Court to Circuit Court was premature and does not properly lie until disposition of the case against AT&T, the other Defendant.

For the foregoing reasons the judgment of the Circuit Court dismissing the Leaks' claim is vacated and the cause

4

remanded to the Circuit Court that it might be further remanded to the General Sessions Court for proceedings not inconsistent with this opinion and the order of remand of the Circuit Court. Costs of appeal are adjudged against Ms. Goodwill.

_____
Houston M Goddard, P.J.

CONCUR:

_____
Herschel P. Franks, J.

_____
Charles D. Susano, Jr., J.